NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TITAN STONE, TILE & MASONRY, INC., : | |
| : | |
| Plaintiff, : | Civ. No. 05-3362  (GEB) |
| v. : | **MEMORANDUM OPINION** |
| HUNT CONSTRUCTION GROUP, INC., : | |
| UNITED STATES FIDELITY AND | |
| GUARANTY COMPANY, FIDELITY & : | |
| DEPOSIT OF MARYLAND, | |
| AND FEDERAL INSURANCE COMPANY : | |
| Defendants. : | |

**BROWN, Chief Judge**

This matter comes before the Court upon Defendant Hunt Construction Group Inc.'s ("Hunt") Motion to Dismiss Counts I through X of Titan Stone, Tile & Masonry, Inc.'s ("Titan") Complaint, and the Motion of Defendants United States Fidelity and Guaranty Company, Fidelity and Deposit Company of Maryland and Federal Insurance Company (collectively, "the Sureties") to Dismiss Counts XII and XIII of Titan's Amended Complaint.[1] Both motions seek dismissal of said Counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth herein, Hunt's Motion to

---

[1] Hunt filed its Motion to Dismiss Counts I through X of Titan's July 1, 2005 Complaint (the "Initial Complaint") on September 19, 2005. On March 20, 2006, Titan filed its First Amended Complaint (the "Amended Complaint"), adding Counts XII and XIII against the Sureties. The allegations against Hunt set out in Counts I through X of the Amended Complaint are in all material respects identical to the corresponding Counts in the Initial Complaint. This Court will therefore read Hunt's Motion to Dismiss as addressing Counts I through X of the Amended Complaint.

Dismiss will be granted in part and denied in part, and the Sureties' Motion to Dismiss will be denied.

I.  BACKGROUND

Hunt is a construction firm that provides general contracting services in the construction industry. (Am. Compl. ¶ 3.) Hunt was hired to provide the contracting work for the construction of a library (the "Project") on behalf of the College of New Jersey in Ewing, New Jersey (the "Owner"). (*Id.*) Following a bidding contest among potential subcontractors, Hunt entered into a valid and binding Subcontract Agreement (the "Agreement") with plaintiff Titan on October 13, 2003, whereby Titan would perform services as a subcontractor on the Project. (*See* Declaration of Larry A. Weisman ("Weisman Decl.") Ex. A.) In particular, Titan was hired for work relating to the installation of the exterior panelized wall system for the project (the "Wall System"). (Am. Compl. ¶ 5.) Titan now alleges that Hunt failed, from the very beginning of the Project, to fulfill its obligations under the Agreement. (*Id.* at ¶ 6.)

First, Titan claims to have been concerned that the structural drawings upon which Hunt was relying for the Project were inconsistent with the use of Titan's Wall System. (*Id.* at ¶¶ 6-8.) According to Titan's Amended Complaint, Titan was assured by Hunt that the Owner's engineer for the project, STV Incorporated ("STV"), would work with Titan and its engineer, Curtin Wall Design & Consulting, Inc. ("Curtin"), to integrate Titan's Wall System into the structure of the building. (*Id.* at ¶ 8.) Titan now alleges that these representations were false. (*Id.*)

Second, Titan's Amended Complaint states that Hunt and STV promised to provide Titan with essential drawings relating to the Project, without which Titan could not begin work on the

2

Wall System. (*Id.*)  Titan claims that it was not provided the promised drawings at the time they were needed, and in fact did not receive them until July 1, 2004. (*Id.*)  As a result of this and Hunt's allegedly negligent management of the Project in general, Titan's part of the Project incurred significant delays. (*Id*. at ¶¶ 8-11.)

Finally,  Titan alleges that Hunt was paid up to $2,000,000 for work performed by Titan, and yet refused to forward those funds to Plaintiff on the grounds that it held Titan responsible for the delays and other problems incurred during the Project. (*Id*. at ¶¶ 16-17.)  Titan claims that the Sureties issued Payment Bonds and Performance Bonds in varying amounts on July 31, 2003 to assure the payment by Hunt of its obligations to, *inter alia*, the subcontractors, and to assure performance by Hunt of its obligations to the Owner under the Agreement. (*Id*. at  ¶¶ 26-31.) Titan also claims that while Hunt promised that it would pay Titan under the Agreement for all the work it performed on the Project - including all extra work resulting from the delays allegedly caused by Hunt,  (*id*. at ¶ 14),  Hunt in fact terminated Titan once the Wall System was installed. (*Id*. at ¶ 15.)

On July 1, 2005, Titan filed a Complaint against Hunt in this Court alleging Breach of Contract (Count I), Fraud (Count II), Anticipatory Breach/Repudiation (Count III), Breach of Implied Covenant of Good Faith and Fair Dealing (Count IV), Quantum Meruit (Count V), Conversion (Count VI), Negligent Misrepresentation (Count VII), Negligent Contract Administration (Count VIII), Unjust Enrichment (Count IX), Constructive Trust (Count X)  and Violations of the New Jersey Trust Fund Act (Count XI).  On March 20, 2006, Titan filed its First Amended Complaint, adding claims against the Sureties under the Payment and Performance Bonds (Counts XII and XIII, respectively).

## II. DISCUSSION

### A. APPLICABLE LEGAL STANDARDS

A rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 246 (1980). "The question before the court is not whether plaintiffs will ultimately prevail; rather, it is whether they can prove any set of facts in support of their claims that would entitle them to relief." *Mobile Dredging & Pumping Co. v. City of Gloucester*, No. 04-0624, 2005 U.S. Dist. LEXIS 16601, at *7 (D.N.J. Aug. 4, 2005), *citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff's allegations state a legal claim." *Mobile Dredging*, at *7, citing Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).[2]

---

[2] Titan claims that Hunt's Motion to Dismiss Counts I and IV should be governed by Fed. R. Civ. P. 56 rather than FED. R. CIV. P. 12(b)(6). Titan Opp. Br. 9-11. Indeed, Titan argues that since Hunt submitted the Declaration of Larry A. Weisman (the "Weisman Decl.") along with its motion, and since Titan offered, in opposition, the Declaration of Richard E. Wenger (the "Wenger Cert.'), the resolution of the motion will "require[] reference by the Court to declarations and exhibits that have been submitted by the parties, [and] the motion must [therefore] be decided under Fed. R. Civ. P. 56." Titan Opp. Br. 9-10.

Rule 12(b) does indeed provide that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." FED. R. CIV. P. 12(b). Nevertheless, this Court believes that the Rule 12(b)(6) standard should be applied in the case at bar.

First, the only substantive Exhibit to the Weisman Declaration is a copy of the Agreement

B.  HUNT'S MOTION TO DISMISS COUNTS I THROUGH X

1.  **Failure to plead with sufficient particularity (Count II - Fraud, and Count VII - Negligent Misrepresentation)**

    a.  *Fraud*

Neither party contests that the pleading requirements of Fed. R. Civ. P. 9(b) apply to Titan's claim of Fraud. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). "[A] plaintiff can meet this heightened pleading standard by alleging the identify of the person who made the alleged misrepresentation, the general content of the misrepresentation, along with the date, place and time the representation was made." *Folkman v. Roster Fin., LLC*, No. 05-2099, 2005 WL

---

between Hunt and Titan. This Circuit has held that a court deciding a Rule 12(b)(6) motion to dismiss "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document . . . . When a complaint relies on a document . . . the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished." *Pension Benefit Guaranty Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."). Here, the Agreement is central to Counts I, IV XII and XIII of Titan's Amended Complaint. Since Hunt attached a copy of the Agreement - the authenticity of which has not been contested by any party to this action - to its Motion to Dismiss, this Court may consider the contents of the Agreement without converting the Motion to Dismiss to a Motion for Summary Judgment. *See Pension Benefit*, at 1196-97.

Second, the Wagner Certification only contains information relating to the issue of whether or not Titan *actually* complied with all conditions precedent to bringing forth litigation or arbitration under the Agreement. As further discussed below, that information is not relevant to the resolution of these motions. *See infra*, note 5. Its inclusion in the pleadings does not compel the conversion of the motions to dismiss to motions for summary judgment.

This Court will therefore review these motions under the Rule 12(b)(6) standard of review.

5

2000169, at *5 (D.N.J. Aug. 16, 2005), *citing Lum v. Bank of America*, 361 F.3d 217, 224 (3d Cir. 2004).

This Circuit has, however, been relatively flexible in its application of Fed. R. Civ. P. 9(c). "Plaintiffs are[, for example,] free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) (holding that plaintiffs, by identifying with specificity the pieces of machinery that were the subject of the alleged fraud, and the nature and subject of the alleged misrepresentation, could withstand a motion to dismiss under 9(b) despite their failure to "describe the precise words used."); *see also United States v. Kensington Hosp.*, 760 F. Supp. 1120, 1125 (E.D. Pa. 1991) (holding that plaintiff had met 9(b) standards by identifying the time period during which the alleged fraud occurred and identifying some of the locations of the alleged fraud). Courts may also relax the requirements of Rule 9(b) upon a showing that the necessary "factual information is peculiarly within the defendant's knowledge or control." *In re Craftmatic Sec. Litig.*, 890 F.2d 628, 645 (3d Cir. 1989).

This Court finds, however, that Titan has failed to meet even the flexible Rule 9(b) standard adopted by this Circuit. *See Kensington*, 760 F. Supp. at 1125 ("The standard for 9(b) is a generous one in this Circuit"). Indeed, Titan's allegation of fraud is limited to the following statements:

- "Hunt assured Titan that the Owner's engineer for the Project . . . would work with Titan and its engineer . . . to integrate the panelized wall system into the design of the steel superstructure of the building. These representations were false." Am. Compl. ¶ 8.

- "Titan repeatedly advised Hunt of the need to have approved final drawings in order to commence fabrication but Titan's concerns were either ignored or met with promises to cooperate which went unfulfilled." Am. Compl. ¶ 8.

- "Hunt [ceased payments to Titan] knowing . . . that Titan had significantly completed fabrication and commenced installation based upon Hunt's promises that it would pay Titan for all its work . . . .  Hunt's representations with respect to its intention to pay Titan were false and fraudulent." Am. Compl. ¶¶ 14-15.

Titan has not alleged the identify of the person(s) who made misrepresentations, describes only very briefly the nature of the misrepresentations, and presents the court with only minimal information regarding the time and place the representations were made.  Moreover, Titan fails to provide the Court with "alternative means of injecting precision and some measure of substantiation into their allegations of fraud," *see Seville*, at 791, and does not argue that the necessary "factual information is peculiarly within the defendant's knowledge or control." *Craftmatic*, 890 F.2d at 645.  Titan has therefore failed to plead its allegation of fraud with sufficient particularity, and Count II is therefore dismissed with leave to amend within 10 days of filing of this opinion.

          *b.*        *Negligent Misrepresentation*

Titan does however appear to have adequately plead its claim of negligent misrepresentation.   That claim is not subject to the heightened pleading requirement of Fed. R. Civ. P. 9(b), and will instead be reviewed under the default pleading standard of Fed. R. Civ. P. 8(a).  *See Resolution Trust Corp. v. Re Castelett*, No. 92-4635, 1993 WL 719764, at *3 (D.N.J. Sep. 7, 1993) ("At the outset, the Court notes that Rule 9(b) does not reach claims grounded in negligence.").

Under Federal Rule of Civil Procedure 8(a), "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  "Thus, the complaint need only provide a statement

sufficient to put the opposing party on notice of the claim." *Sunset Fin. Res., Inc. v. Redev. Group V, LLC*, 417 F. Supp. 2d 632, 648 (D.N.J. 2006), *quoting Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001). "In the context of a negligence claim, a bare allegation of negligence is sufficient." *Sunset*, at 648, *citing Sierocinski v. E.I. Du Pont de Nemours & Co.*, 103 F.2d 843, 843-44 (3d Cir. 1939) (a general allegation of negligence such as "defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway" is sufficient.); *see also United States v. Pinnacle Elec.*, No. 03-2416, 2005 U.S. Dist. LEXIS 37668, at *16 (M.D. Pa. June 15, 2005) ("Pinnacle alleges that Bell made misrepresentations regarding the conditions of the ducts on a specific construction project. Thus, we find that Pinnacle's negligent misrepresentation allegations are sufficient to place Bell on notice of the conduct for which Pinnacle seeks recovery.").

Plaintiff here has briefly described the nature of the misrepresentations at issue (the promise to provide Titan with the essential drawings necessary for the design of the Wall System, Am. Compl. ¶ 8; the promise to pay Titan for extra costs incurred as a result of delays in construction , *id*. at ¶¶ 14, 75).  The Court deems these allegations sufficient to put Hunt on notice of the conduct for which Titan seeks recovery.  Titan's negligent misrepresentation claim therefore satisfies the pleading requirements of Fed. R. Civ. P. 8(a).  However, defendant Hunt's motion to dismiss Count VII will be granted on other grounds, as set forth below.

        **2.**       **The Economic Loss Doctrine (Count VII - Negligent Misrepresentation, and Count VIII - Negligent Contract Administration)**

Hunt argues that Titan's claims for Negligent Misrepresentation and Negligent Contract Administration are barred under the Economic Loss Doctrine. Hunt Br. 5-6.  "Th[at] doctrine

bars a plaintiff from recovering purely economic losses suffered as a result of a defendant's negligent or otherwise tortious behavior, absent proof that the defendant's conduct caused actual physical harm to a plaintiff or his property." *Public Service Enter. Group, Inc. v. Philadelphia Elec. Co.*, 722 F. Supp. 184, 193 (D.N.J. 1989); *see also Kirtley v. Wadekar*, No. 05-5383, 2006 U.S. Dist. LEXIS 60309, at *11 (D.N.J. Aug. 24, 2006) ("The economic loss doctrine, put simply, holds that purchasers of personal property, whether commercial entities or consumers, should be limited to recovery under contract principles.") (quotations omitted); *Shan Indus. LLC v. Tyco Int'l (US), Inc.*, No. 04-1018, 2005 U.S. Dist. LEXIS 37983, at *14 (D.N.J. Sept. 12, 2005) ("the doctrine prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract.") (quotations omitted).

While the doctrine has predominantly been applied in connection with transactions for goods, *see, e.g., Kirtley*, at *11; *Alloway v. General Marine Indus., L.P.*, 149 N.J. 620 (N.J. 1997), it has also been found, in New Jersey, to apply to contracts for services. *See Bracco Diagnostics Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557 (D.N.J. 2002) (applying doctrine to service contract); *Dynalectric Co. v. Westinghouse Electric Corp.*, 803 F.Supp. 985 (D.N.J. 1992) (applying doctrine to subcontract for construction of electrical power plant).

In the case at bar, it is beyond dispute that the loss allegedly experienced by plaintiffs is purely economic. Titan does not claim to have suffered any physical injury or any injury to its property. It is also apparent that the validity of the Agreement has not, at this point, been disputed by the parties. This Court therefore holds that Titan's Negligent Misrepresentation and Negligent Administration of a Contract claims are precluded under the Economic Loss Doctrine. *See Dynalectric*, at 991 (in case involving dispute relating to subcontract for construction

services, Court holding that "under New Jersey law, when a party has suffered economic loss because of the negligent actions of another, and the party has another means of redress against the alleged tortfeasor, that party may not assert the identical claims for identical damages under tort theories.").[3] Counts VII and VIII are therefore dismissed.

> 3. **Counts barred by existence of a valid contract (Count III - Anticipatory Breach/Repudiation, Count V - Quantum Meruit, Count VI - Conversion, Count IX - Unjust Enrichment, and Count X - Constructive Trust)**

Hunt argues that Titan's equitable counts should be dismissed because "quasi-contractual liability will not be imposed when a valid, unrescinded contract governs the rights of parties." Hunt Br. 6-7, *citing Nat'l Amusements, Inc. v. N.J. Turnpike Auth.*, 261 N.J. Super. 468 (N.J. Super. Ct. Law Div. 1992). Hunt misconstrues the import of Fed. R. Civ. P. 8(e).

Under the Federal Rules of Civil Procedure:

> [a] party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

FED. R. CIV. P. 8(e)(2).

---

[3] This Court has held that fraudulent or negligent misrepresentations that *induce* a plaintiff to enter into the contractual agreement may still be the basis for a tort claim, as such a claim would not be barred by the economic loss doctrine. *Parrino v. Swift*, No. 06-0537, 2006 U.S. Dist. LEXIS 40361, at *8-10 (D.N.J. June 19, 2006). Titan's negligent misrepresentation claim however, relates merely to a "subsequent failure of the promisor to do what he has promised," and thus, "is not recoverable in tort." *Parrino*, at *8, *quoting Bracco*, 226 F. Supp. 2d at 563 (D.N.J. 2002).

10

A plaintiff may therefore put forth contractual, quasi-contractual and other equitable claims for relief in its complaint, even if the plaintiff has not sought rescission of the contract. *Verizon New Jersey, Inc. v. Ntegrity Telecontent Services, Inc.*, 219 F. Supp. 2d 616, 635 (D.N.J. 2002); *see also Dykstra v. Ryder/P.I.E. Nationwide, Inc.*, No. 85-3212, 1985 WL 25639, at *5 (D.N.J. Dec. 9, 1985) ("It is a determination of the trial court whether plaintiff has an adequate remedy at law.  Should the court decide that the plaintiff is not entitled to recovery pursuant to a contractual theory, then it may in turn deal with one equitable theory.").  The cases cited by Hunt are inapposite, either because they do not address Fed. R. Civ. P. 8(e), *see, e.g., Nat'l Amusements*, 261 N.J. Super. 468; *Fiedler, Inc. v. Coast Fin. Co.*, 129 N.J. Eq. 161 (N.J. 1941), or because they merely reaffirm the uncontested truth that *recovery* under quasi-contractual or other equitable claims is precluded in the presence of a valid contract.  *See Van Orman v. The American Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982) (court reviewing partial grant of summary judgment and holding that "recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties.").

While it is true that some of plaintiff's quasi-contractual or other equitable claims may be dismissed as inconsistent at a later time in these proceedings, it is far to early to do so now.  *See Prudential*, 975 F. Supp. at 621-22 (D.N.J. 1996) (refusing to dismiss plaintiff's unjust enrichment claim, on the grounds that it was too early in the proceedings to determine whether the relationship between the parties was governed by a valid and enforceable contract.); *Dykstra*, 1985 WL 25639, at * 5-6 (D.N.J. Dec. 9, 1985) (refusing to dismiss unjust enrichment and *quantum meruit* claims put forth by plaintiff alongside contractual claims, on the grounds that

11

the court would eventually determine whether any of these claims were precluded.).[4] The Court will therefore not dismiss Plaintiff's quasi-contractual and equitable claims at this time.

This Court will therefore dismiss Counts II, VIII and VIII against Hunt, and deny Hunt's Motion to Dismiss as to all other Counts.

> **4.   Conditions precedent under the Agreement (Count I - Breach of Contract, and Count IV - Breach of the Implied Duty of Good Faith and Fair Dealing)**[5]

Hunt argues that plaintiff's claims under the Agreement are to be dismissed on the grounds that Titan failed to properly allege compliance with all conditions precedent set out in said Agreement. *See* Hunt Br. 8, *citing* Weisman Decl. Ex. A, ¶ 34.2 ( "As a condition precedent to initiating any court or arbitration proceeding . . . the Subcontractor must first comply with the provisions set forth herein."). Hunt errs in its interpretation of the applicable pleading requirement.

---

[4] Hunt appears to argue that claims are not plead "in the alternative" unless that particular phrase or its equivalent appears on the face of the Amended Complaint. Hunt Rep. Br. 7-8. This Court refuses to enforce such a meaningless requirement.

[5] On January 6, 2006, Titan filed a Motion to Strike parts of Hunt's Reply Brief in Further Support of the Motion to Dismiss Counts I-X of Plaintiff's Complaint, alleging that Hunt had erred in discussing the earlier proceedings in this case before the New Jersey Superior Court, and in particular, that court's alleged conclusion that Titan had not satisfied the Conditions Precedent under paragraph 34.2 of the Agreement. *See* Titan Mot. Strike, at 4-6; *see also* Hunt Rep. Br. 11. This Court finds that Hunt's argument was proper, since Titan had addressed these prior proceedings in its Opposition Brief. *See* Titan Opp. Br. 22-23; *see also Bayer AG v. Schein Pharma., Inc.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001) ("It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted."), *quoting Elizabethtown Water Co. v. Hartford Casualty Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J. 1998). Titan's Motion to Strike is therefore hereby denied.

This Court finds, however, that neither Titan's nor Hunt's discussion of these prior proceedings are relevant to the issue of whether or not Titan met the pleading requirements for a condition precedent. Accordingly, those parts of the pleadings will not be taken into account in ruling on the present Motions to Dismiss.

Federal Rule of Civil Procedure 9(c) provides that: "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." FED. R. CIV. P. 9(c). Plaintiffs here have plead full compliance with the provisions of the Contract, including the provisions relating to the conditions precedent to arbitration or litigation, at paragraphs 89 and 110 of their Amended Complaint. *See* Am. Compl. ¶ 89 ("Titan has fully performed all of its obligations under the Subcontract."); *see also id.* at ¶ 110 ("Titan has performed its obligations under the Subcontract and has not breached the covenants of good faith and fair dealing as they relate to the Subcontract.").

Plaintiff here has thus adequately plead that it has met all conditions precedent under the Agreement. *See Video Pipeline v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 562 (D.N.J. 2002) (motion to dismiss denied when plaintiff had "generally averred" that it had fulfilled the condition precedent in its answer); *Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC*, 223 F. Supp. 2d 474, 490 (S.D.N.Y. 2002) (plaintiff's averment that it had "performed its obligations under th[e] agreement" sufficient to satisfy the requirements of Rule 9(c)). Hunt's motion to dismiss Counts I and IV must therefore be denied.

## C.   COUNTS XII AND XIII AGAINST THE SURETIES

Just as Hunt sought to dismiss Counts I and IV under the Agreement, the Sureties now petition this Court to dismiss Count XII and XIII - Titan's claims against them under the Agreement. The Sureties claim that proceedings before the New Jersey Superior Court establish that Titan has not complied with the conditions precedent set out in the Agreement, and that

Titan's claims under the Agreement must be dismissed because Titan has failed to plead that it complied with all said conditions precedent. *See* Sureties Br. 4-8.

The Sureties' Motion to Dismiss must be denied for the same reasons that Hunt's Motion to Dismiss Titan's claims under the Agreement was denied above. Titan has plead its compliance with the conditions precedent in the Agreement in a manner sufficient to meet the standard of Fed. R. Civ. P. 9(c). *See supra*, at 13. In addition, while the Sureties are entitled to discuss the procedural history of this case before the Superior Court of New Jersey in their pleadings, *see supra*, note 5, this Court finds that those events have little bearing on the crucial issue here - whether or not Titan's compliance with all conditions precedent set out in the Agreement was alleged with sufficient particularity. Counts XII and XIII against the Sureties will not be dismissed.

### III.    CONCLUSION

For the foregoing reasons, this Court will grant in part and deny in part Hunt's Motion to Dismiss Counts I through X of Titan's Amended Complaint, and will deny the Sureties' Motion to Dismiss Counts XII and XIII of Titan's Amended Complaint. Specifically, the Court will dismiss Count II, Count VII and Count VIII. An appropriate form of Order accompanies this Memorandum Opinion.

Dated September 26, 2006

                                                s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.