NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

:
TITAN STONE, TILE & MASONRY, INC.,
:
    Plaintiff,                                            Civ. No. 05-3362  (GEB)
      v.                                    :
**MEMORANDUM OPINION**
HUNT CONSTRUCTION GROUP, INC.,    :

    Defendant.                             :

HUNT CONSTRUCTION GROUP, INC.,    :

    Third-Party Plaintiff,                 :
      v.
:
INTERNATIONAL FIDELITY INSURANCE
COMPANY,                                    :

    Third-Party Defendant.              :

**BROWN, Chief Judge**

      This matter comes before the Court upon Hunt Construction Group, Inc.'s ("Hunt" or "Defendant") motion for reconsideration of this Court's March 7, 2008 Opinion holding that International Fidelity Insurance Company ("IFIC") is not liable for Hunt's attorneys' fees and costs. The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Defendant's motion.

**BACKGROUND**

      The Court conducted a bench trial in this matter from June 5, 2007 to July 18, 2007. On

October 30, 2007, the Court issued its Findings of Fact and Conclusions of Law holding that Titan was responsible for the delays on the College of New Jersey building site, and that Hunt's termination of Titan Stone, Tile & Masonry, Inc. ("Titan") was proper. (Docket Entry No. 187, at 56.) The Court then issued, on March 7, 2008, its Supplemental Findings of Fact and Conclusions of Law holding that Titan and IFIC were jointly and severally liable to Hunt for damages in the amount of $1,084,740, and that Titan was solely liable to Hunt for Hunt's attorneys fees. (Docket Entry No. 216, at 20.) All other relevant facts of this case are set forth in those opinions, and the Court will not repeat them here. Defendant filed its motion for reconsideration on March 20, 2008. Titan and IFIC (collectively, the "Titan Parties") oppose the motion. (Docket Entry No. 223.)

**DISCUSSION**

    A.    STANDARD

The standard for reconsideration is high, and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994), *citing Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.[1] L. Civ. R. 7.1(i). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176

---

[1] On February 24, 2005, Local Civil Rule 7.1(g), which governed motions for reargument, was repealed. Now Local Civil Rule 7.1(i) governs motions for reconsideration. Despite the rule's reassignment to a different subsection of Rule 7.1, it remains substantively the same and is decided under the same stringent standard.

F.3d 669, 677 (3d Cir. 1999), *citing N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); *see also* L. Civ. R. 7.1(i).  "The operative word in the rule is 'overlooked'."  *Id.*  Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court.  *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

    B.    APPLICATION

Hunt "respectfully requests that the Court reconsider a single aspect of its Supplemental Findings of Fact and Conclusions of Law: its determination that [IFIC] is not liable for Hunt's attorneys' fees and costs."  (Def. Br. at 5.)  Indeed, Hunt submits that the Court erred in relying on New Jersey Court Rule 4:42-9(a)(6) when ruling on Hunt's entitlement to attorneys' fees from IFIC.  (*Id.* at 6.)  Hunt argues that the Court should instead have based its opinion on Sections 34.2 and 33.6 of the subcontract between Titan and Hunt ("the Agreement").  (*Id.*)  Noting that the Court's March 7, 2008 opinion relied in part on the decisions in *Eagle Fire Protection Corp. v. First Indemnity of America*, 145 N.J. 345, 365 (1996) and *Middletown Twp. v. Colen*, 164 N.J. Super. 193 (N.J. Super. Ct. Law Div. 1978), Hunt argues that those cases are inapplicable because the *Eagle Fire* "plaintiff only sought attorneys' fees and costs under R. 4:42-9(a)(6), not under the express language of either the defendant's surety bond or the contract between the parties", and because the *Middletown* plaintiff "sought attorneys' fees and costs under both R. 4:42-9(a)(6) and the language on the face of the surety bond, not on the express language of the incorporated contract between the parties."  (Def. Br. at 6.)

3

Hunt claims that the Court should instead follow the rationale of the Court in *Edmund D. Cook, Inc. v. Commercial Casualty Ins., Inc.*, 15 N.J. Misc. 256, 259-60 (N.J. Sup. Ct. 1936) which allegedly "aligned New Jersey law with the many jurisdictions [that] permit damage claims [against sureties] beyond those required to complete the principal's work, including attorneys' fees." (Def. Br. at 7, *citing, inter alia, U.W. Marx, Inc. v. Mountbatten Surety Co., Inc.*, 770 N.Y.S.2d 777 (N.Y. App. Div. 2004); *David Boland, Inc.v. Trans Coastal Roofing, Co.*, 851 So.2d 724 (Fla. 2003); *East Quincy Servs. Dist. v. Gen. Accident Inc. Co. of America*, 88 Cal. App. 4th 239, 245 (Cal. Ct. App. 2001).  Hunt submits that the cases relied upon by IFIC in its Submissions Regarding Damages (Docket Entry No. 190) reflect Pennsylvania law, under which "a surety is obligated to pay only costs of performance as expressly limited by the terms of the performance bond even if a construction contract was incorporated into the bond," whereas under New Jersey law, a surety bond that incorporates the prime construction contract by reference must be read in conjunction with the contract.  (Def. Br. at 8, *citing Wise Inv., Inc. v. Bracy Contracting,Inc.*, 232 F. Supp. 2d 390, 403 (E.D. Pa. 2002); *Amelco Window Corp. v. Fed. Ins. Co.*, 127 N.J. Super. 342, 347 (N.J. App. Div. 1974).)  Hunt concludes that the Court should reconsider its March 7, 2008 opinion and hold "IFIC liable for Hunt's attorneys' fees up to the performance bond's penal sum, which is $3,570,000." (Def. Br. at 10.)

As a threshold matter, the Court notes that Titan's principal argument ("that New Jersey law makes a surety liable to the obligee to the same extent as its principal under the incorporated contract") is one that it had already presented to the Court in its Brief in Support of its Motion for Attorneys' Fees and Costs (Docket Entry No. 193-2), its Reply Brief in support of said motion (Docket Entry No. 203), and its December 5, 2007 letter to the Court. (Docket Entry No. 195.)

The Court also notes that all of the case law cited by Hunt in support of that position existed at the time of Hunt's initial submission to the Court.[2] Hunt has therefore failed to offer any proof of an intervening change in the controlling law or the discovery of new evidence that was not available when the court issued its March 7, 2008 order. *See Max's Seafood Café*, 176 F.3d at 677. There remains for this Court only to inquire whether its opinion was based on a clear error of law or fact. *Id.*, citing *N. River Ins. Co.*, 52 F.3d at 1218.

The Court held in its March 7, 2008 opinion that:

> In the case at bar, the surety bond does not explicitly cover the attorneys' fees that the parties might incur in connection with Project-related litigation. Moreover, the New Jersey Supreme Court has made clear that 'a surety is chargeable only according to the strict terms of its undertaking and its obligations cannot and should not be extended either by implication or by construction beyond the confines of its contract.

(Docket Entry No. 216, at 19-20, *quoting Eagle Fire*, 145 N.J. at 356.) The Court understands Hunt's argument to be two-fold: (i) the Court erred in its finding of fact that the language of the surety bond did not incorporate by reference the attorney-fee reimbursement clauses of the Agreement, and (ii) the Court erred in its understanding of the controlling law as the case law dictates that the language of a surety bond providing for full compensation of a general contractor such as Hunt includes by implication any attorney fees the general contractor may incur in successfully defending its rights in the course of legal proceedings.

The performance bond at issue here states, in relevant part, that:

> WHENEVER [Titan] shall be, and be declared by [Hunt] to be in

---

[2]   *See* Titan Parties Opp'n at 7 ("In fact, of the 25 surety bond cases cited by Hunt in its Motion for Reconsideration, 11 of the cases have already been presented to the Court and the remaining cases could have been presented, though Hunt chose not to do so.")

> default under the [Agreement], [Hunt] having performed [its] obligations thereunder;
> (1) [IFIC] may promptly remedy the default subject to the provisions of paragraph 3 herein, or;
> (2) [Hunt] after reasonable notice to [IFIC] may, or [IFIC] upon demand of [Hunt], may arrange for the performance of [Titan's] obligation under the [Agreement] subject to the provisions of paragraph 3 herein;
> (3) The balance of the [Agreement] price, as defined below, shall be credited against the reasonable cost of completing performance of the [Agreement]. If completed by [Hunt] and the reasonable cost exceeds the balance of the [Agreement] price, [IFIC] shall pay to [Hunt] such excess, but in no event shall the aggregate liability of [IFIC] exceed the amount of this bond. If [IFIC] arranges completion or remedies the default, that portion of the balance of the [Agreement] price as may be required to complete the [Agreement] or remedy the default and to reimburse [IFIC] for its outlays shall be paid to [IFIC] at the times and in the manner as said sums would have been payable to [Titan] had there been no default under the [Agreement] . . . .

(Docket Entry No. 71-6.)

The Supreme Court of New Jersey in *Eagle Fire* specifically held that a surety can be held liable only in accordance with the strict terms of its undertaking, and that its obligations "cannot and should not be extended either by implication or by construction beyond the confines of its contract." *Eagle Fire*, 145 N.J. at 356, *citing Monmouth Lumber Co. v Indemnity Ins. Co. of N.A.*, 21 N.J. 439, 452 (1956). In spite of Hunt's claims to the contrary, the surety bond in the case at bar does not specifically provide for the reimbursement of attorneys' fees. (*See* Def. Br. at 6 ("Hunt's claims for attorney's fees and costs under IFIC's performance bond is based on the express language of Sections 34.2 and 33.6 of the [Agreement], which were fully incorporated in the IFIC performance bond.").)

Hunt correctly points out, however, that the Agreement is incorporated by reference into the performance bond. Indeed, the bond provides that the Agreement is:

6

> for manufacture & installation of a Panel Facade System at the
> College of New Jersey – New Library Building in accordance with
> drawings and specifications prepared by Kitchen & Associates . . .
> *which [Agreement] is by reference made a part hereof* . . . .

(Docket Entry No. 71-6 (emphasis added).)  The Court does not read this language to mean that the obligations of Titan under the performance bond are coextensive with those of Titan under the Agreement.  To interpret the provision incorporating the Agreement by reference in such a way would run afoul of the New Jersey Supreme Court's admonition in *Eagle Fire* and would be inconsistent with the purpose of a performance bond, which is to provide the general contractor with the funds necessary *to complete the project* upon default of the subcontractor, not to make the general contractor whole.  *Ribeira & Lourenco Concrete Const. v. Jackson Health Care*, 254 N.J. Super. 445, 454 (N.J. Super. Ct. App. Div. 1992).[3]

The Court notes Hunt's argument that the court in *Edmund D. Cook, Inc. v. Commercial Casualty Ins., Inc.*, 15 N.J. Misc. 256, 259-60 (Dist. Ct. 1936). "aligned New Jersey law with the many jurisdictions which permit damages claims beyond those required to complete the principal's work, including attorneys' fees." (Def. Br. at 7.)  The *Cook* opinion was filed in 1936 by a New Jersey trial court (and not, as Hunt would have it, by the precursor to the current New Jersey Supreme Court).  As for the cases cited by Hunt for the proposition that performance bonds should be read to cover attorneys' fees, the Court notes that they are not New Jersey cases and are not controlling here. (*See* Def. Br. at 7-8).  This Court's decision to follow the 1996 New

---

[3]    The courts in *Multi-Phase, Inc. v. United States Fidelity Guarantee Co.,* No. 02598, 2007 Phila. Ct. Com. Pl. LEXIS 196 (C.P. Phila. June 27, 2007) and *Phillies Ballpark, L.P. v. Samuel Grossi & Sons*, No. 3590, 2007 Phila. Ct. Com. Pl. LEXIS 198 (C.P. Phila. June 7, 2007) have also declined to interpret such performance bond language as establishing the surety's liability for attorneys' fees and costs.

Jersey Supreme Court decision in *Eagle Fire* does not amount to a "clear error of law".

**CONCLUSION**

For the foregoing reasons, the Court will deny Defendant's motion for reconsideration.

An appropriate form of Order accompanies this Opinion.


Dated: May 12, 2008

                                                   s/ Garrett E. Brown, Jr.
                                                   GARRETT E. BROWN, JR., U.S.D.J.